WEINSTEIN-GOODKIND, INC., Plaintiff, *v.* LAWRENCE DONOVAN, Defendant.

City Court of New York, New York County, March 20, 1933.

*Deiches, Kaufman, Feldstin & Bernson,* for the plaintiff.

*Frank J. Ryan,* for the defendant.

RYAN, J. After having given this matter careful consideration I am of the opinion the defendant should prevail. The complaint alleges an agreement dated February 18, 1931, which at the trial was received in evidence, the purport of which was that the plaintiff employed defendant as a salesman on a commission basis and agreed to advance to the defendant $2,000, payable in four installments, between February 1 and April 15, 1931, against commissions for the spring of 1931. The agreement further provided that " A statement should be drawn on and after May 1 and any differences of commissions are to be settled at that time." The defendant earned $558.55 commissions and this action is brought to recover the difference, to wit, $1,442.45. The second cause of action alleged in the complaint for goods sold and delivered was conceded by defendant. It is a well-settled rule that advances in excess of commissions earned are not recoverable by an employer in the absence of an agreement express or implied to that effect. In the instant case there is no express provision to repay any advances. The agreement was drawn by the plaintiff and if the language used is ambiguous, must be construed against the party preparing the instrument. The words used in the clause under consideration provide that " any differences of commissions are to be settled " when the statement was prepared on or after May first. From the text it seems to me that the only matters that were to be the subject of settlement were the differences of commission, if any. Certainly no agreement, express or implied, on the part of defendant employee can be read into the clause in question to return the excess of advances paid over commissions earned. For the reasons stated the motion to dismiss the first cause of action should, therefore, be granted, with exception to plaintiff; ten days' stay and thirty days to make case, and a verdict directed in favor of the plaintiff for the relief demanded in the second cause of action.